WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Sentre Merchant, | No. CV-21-01593-PHX-JAT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Smith, et al., | |
| Defendants. | |

This Order sets forth the Court's rulings on the pending Motions (Docs. 18-21) filed by Plaintiff.

## **I. DISCUSSION**

### **A. Plaintiff's "Motion to Request for a [sic] Investigator" (Doc. 18)**

Plaintiff requests that the Court appoint an investigator to assist Plaintiff in finding evidence to support his case. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). "The in forma pauperis statute does not authorize the expenditure of public funds for investigators." *Woods v. Carey*, No. CIV-S-04-1225-LKK-GGH-P, 2009 WL 78366, at *1 (E.D. Cal. Jan. 13, 2009) (citing 28 U.S.C. § 1915). The Court will deny Plaintiff's Motion (Doc. 18).

### B. Plaintiff's "Motion for Court Appointed Council [sic]" (Doc. 19)

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case at this time. Accordingly, Plaintiff's Motion (Doc. 19) will be denied.

### C. Plaintiff's "Motion for the Courts to Subpoena Records, Video, Documents, etc from Department of Corrections and/or RRCC" (Doc. 20)

Plaintiff requests that the Court subpoena from the Department of Corrections and the Red Rock Correctional Center pertinent documents from Plaintiff's inmate file along with numerous other items. It is not the Court's role to complete subpoenas or discovery requests on Plaintiff's behalf. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to pro se litigants") (italics in original); *Barnes v. United States*, 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have). The Court will grant Plaintiff's Motion (Doc. 20) only to the

following extent: the Court will direct the Clerk of Court to send Plaintiff two subpoenas duces tecum for completion.

D. **Plaintiff's "Motion to Leave of Court Requesting Extention [sic]" (Doc. 21).**

Plaintiff requests an extension of the "timeframe of filing discovery due to illness." (Doc. 21 at 2). The discovery deadline does not expire until July 11, 2022. (Doc. 14 at 2). Defendant Smith has filed a Response (Doc. 23) construing Plaintiff's Motion as requesting an extension of time for Plaintiff to respond to Defendant's First Set of Interrogatories and Requests for Production. Defendant states that Plaintiff has served his responses and the parties are working to meet and confer regarding deficiencies in the responses. The Court deems Plaintiff's responses to Defendant's First Set of Interrogatories and Requests for Production timely served. Plaintiff's Motion (Doc. 21) will be denied as moot.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion to Request for a [sic] Investigator" (Doc. 18).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Court Appointed Council [sic]" (Doc. 19).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for the Courts to Subpoena Records, Video, Documents, etc from Department of Corrections and/or RRCC" (Doc. 20) to the extent set forth herein.

**IT IS FURTHER ORDERED** directing the Clerk of Court to send Plaintiff two blank subpoenas duces tecum. Plaintiff shall complete the subpoena(s) and return them to the Clerk of Court. Upon receipt, and if properly completed, the Clerk of Court shall forward the subpoena(s) to the United States Marshals Service for service.

**IT IS FURTHER ORDERED** denying as moot Plaintiff's "Motion to Leave of Court Requesting Extention [sic]" (Doc. 21)

Dated this 21st day of April, 2022.

_____
Eileen S. Willett
United States Magistrate Judge