**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Sentre Merchant,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Smith, et al.,<br><br>Defendants. | No. CV-21-01593-PHX-JAT (ESW)<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending dismissal of Defendant Calvin without prejudice due to Plaintiff Steven Sentre Merchant's failure to timely effect service of process. (Doc. 30). Plaintiff filed an Objection to the Report and Recommendation of the Magistrate Judge ("Objection"). (Doc. 32), and Defendant Smith filed a Response to Plaintiff's Objection. (Doc. 39).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must review the findings and recommendations of the magistrate judge de novo only if there is an objection from one or both parties, not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th

Cir. 2009) (the district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not obligated to perform any review of any issue to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

As Plaintiff states no objection to the procedural background laid out in the R&R, the Court adopts it as set forth therein:

> Plaintiff Steven Sentre Merchant, who is confined in the Arizona State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court screened Plaintiff's Complaint and ordered Defendants Smith and Calvin to answer Counts One and Three (Doc. 7 at 5). Defendant Smith filed his Answer on February 4, 2022 (Doc. 9).
>
> Service of process was returned unexecuted as to Defendant Calvin (Doc. 12). On Nov. 11, 2021, the Court had ordered Plaintiff to either "obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later" or "the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii)." (Doc. 7 at 5). Plaintiff failed to timely serve Defendant Calvin.
>
> On March 15, 2022, the Court ordered Plaintiff to either "(i) file an Affidavit of Service or (ii) show good cause why this case should not be dismissed for failure to timely serve pursuant to Fed. R. Civ. P. 4(m). (Doc. 17). Plaintiff failed to respond to the Court's Order … the Court presume[d] Plaintiff received the Court's Order because it was not returned undeliverable.

(Doc. 30 at 1–2).

Ultimately, the Magistrate Judge found that it was Plaintiff's role, "not the Court's role [,] to [obtain] Defendant Calvin's address" for timely service. (*Id.* at 3). The Magistrate Judge reasoned that the Court provided Plaintiff adequate "opportunity to show good cause

why Defendant Calvin should not be dismissed from the lawsuit for failure to timely serve." (*Id.*) Further, Plaintiff failed to respond to the Court's Order, and Plaintiff made no request for additional time to serve Defendant Calvin. (*Id.*) Therefore, the Magistrate Judge recommended that the Court dismiss Defendant Calvin without prejudice for Plaintiff's failure to timely serve her. (*Id.*)

The Court will now address Plaintiff's Objection to the R&R of the Magistrate Judge.

In her Response to Plaintiff's Objection, Defendant Smith asserts that Plaintiff's Objection is "improper" because it does not actually contain objections to any specific shortcomings regarding the findings and recommendation in the R&R. (Doc. 39). Defendant Smith argues that an "objection requires specific written objections to the findings and recommendations in the R&R" and that it is not required that the Court review any part of an R&R to which there is no specific objection. (*Id.* at 1). The Court agrees with Defendant Smith's assertion and reasoning. It appears to this Court that Plaintiff's Objection relates primarily to Plaintiff's understanding of the Affidavit of Service mandated in the March 15, 2022, Court Order. (Doc. 32). However, Plaintiff does not specifically dispute the Magistrate Judge's finding that Plaintiff did not respond to the Court Order to "(i) produce and Affidavit of Service or (ii) provide good cause why this case should not be dismissed for failure to timely serve." (Doc. 32, Doc. 30 at 3). Plaintiff also did not dispute the finding that he did not request additional time to serve Defendant Calvin within 60 days of the March 15, 2022, Court Order. (Doc. 32, Doc. 30 at 3).

Further, while Plaintiff objected to the Magistrate Judge's recommendation that "the Court dismiss Plaintiff's complaint as to Defendant Calvin without prejudice for failure to timely serve pursuant to Fed. R. Civ. P. 4(m)," he did so generally, stating that he was "showing good cause not to dis-miss [*sic*] Defendant Calvin from this case." (Doc. 32, Doc. 30 at 3). However, this Court is not required to review the substance of an R&R based on a general objection. *Accord Martin v. Ryan*, CV-13-00381-PHX-ROS, 2014 WL 5432133, *2 (D. Ariz. October 24, 2014) ("…when a petitioner raises a general objection

to an R&R, rather than specific objections, the Court is relieved of any obligation to review it") (collecting cases); *Warling v. Ryan*, CV-12-01396-PHX-DGC, 2013 WL 5276367, *2. (D. Ariz. September 19, 2013) ("a general objection has the same effect as would a failure to object") (internal quotations and citation omitted).

Thus, because Plaintiff failed to state any specific objections to the Magistrate Judge's R&R, the Court is not obligated to consider Plaintiff's Objection to the Magistrate Judge's R&R. However, out of an abundance of caution, the Court will address additional concerns Plaintiff cited in his Objection.

First, in his Objection, Plaintiff asserted that he was unable to satisfy the Court Order from March 15, 2022, because he "has no idea what an Affidavit of Service is," and he "cannot find anything on the issue." (Doc. 32 at 1). He further requested that the Court "send the proper paperwork so [he] can do what [he has] to do to get [Defendant Calvin] on the stand." (*Id.* at 3). However, in the R&R, the Magistrate Judge states, and the Court agrees, "it is not the Court's role to assist in obtaining Defendant Calvin's address." (Doc. 30 at 3). District courts cannot act as lawyer to any party, including pro se litigants. *Bias v. Moynihan*, 508 F. 3d 1212, 1219 (9th Cir. 2007); *see also Pliler v. Ford*, 542 U.S. 225, 331 (2004) (federal "judges have no obligation to act as counsel or paralegal to pro se litigants"). Further, pro se litigants have no rights that are unavailable to represented litigants. *Barnes v. United States*, 241 F.2d 252 (9th Cir. 1956). Thus, this Court agrees with the Magistrate Judge's reasoning and finds that she did not err by not providing legal aid to Plaintiff.

Second, Plaintiff also states in his Objection that Fed. R. Civ. P. 4(m) "allows a court, in its discretion, to extend the period for service without a plaintiff showing good cause." (Doc. 32 at 2). The Ninth Circuit Court of Appeals has determined that there is no specific test a court must use in making an extension decision, and a court's discretion in doing so is broad. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The Ninth Circuit has also found that under certain circumstances, denial of requests for an extension of time to serve is appropriate. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (reversing a

grant of extension of time to serve because the duration of time granted was excessive). Therefore, the Court finds that the Magistrate Judge did not commit error by not sua sponte granting Plaintiff an extension of time to serve Defendant Calvin.

In conclusion, Plaintiff has failed to provide specific objections to the R&R, and the Court finds the Magistrate Judge committed no error. Thus, having reviewed the record as it relates to Plaintiff's Objection to the Magistrate Judge's R&R, the Court accepts the R&R in its entirety.

Because of the foregoing,

**IT IS ORDERED** that Plaintiff Steven Sentre Merchant's "Objection to the Report and Recommendation of Magistrate Judge Willett" (Doc. 32) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Eileen S. Willett (Doc. 30) is **ADOPTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to dismiss without prejudice (only) Defendant Calvin from this action.

Dated this 7th day of July, 2022.

James A. Teilborg
Senior United States District Judge